IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00419-REB-BNB

CHRISTINE SMITH and
TODD SMITH, individually and as parents and next best friends of Nicholas Smith, a minor,

Plaintiffs,

v.

TIME INSURANCE COMPANY f/k/a Fortis Insurance Company, a Wisconsin corporation, and
KENNETH W. MCCLUSKY,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Joint Motion to Stay** [Doc. # 21, filed 4/9/2008] (the

"Motion to Stay"). The Motion to Stay is DENIED.

This is an action for breach and bad faith breach of an insurance contract, among other

claims. The plaintiffs have filed a motion to remand the case [Doc. # 18, filed 3/28/2008] based on

defects in the removal papers.

The parties seek to stay the case pending a determination of the motion to remand,

arguing:

> Because the scheduling conference may result in irrelevant
> deadlines, and disclosures would be different depending on the
> forum for this dispute, the parties believe that the most efficient use
> of time and resources is to vacate the Scheduling Conference and
> all related deadlines pending a ruling on Plaintiffs' Motion to
> Remand.

I am not persuaded. The Federal Rules of Civil Procedure do not provide for the stay of proceedings under these circumstances. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district in 2007 was 6.7 months. Consequently, staying the case while plaintiffs' motion to remand is pending could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> \* \* \*

> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, I have reviewed the motion to remand, and it is not obvious to me that it will be granted. Consequently, without presuming to forecast the district judge's ruling, there is at least the possibility that a delay pending a ruling on that motion would prove unnecessary.

Parties always are burdened when they are involved in a lawsuit, regardless of the forum. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the parties proceeding here. In particular, and the statements of the parties notwithstanding, I find that any disclosures and discovery taken here would be of general value in the case whether it proceeds in this court or in the Colorado state courts. Moreover, it generally is the policy in this district not to stay proceedings under these circumstances. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5 (D. Colo. Aug. 14, 2006).

IT IS ORDERED that the Motion to Stay is DENIED.

Dated April 14, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge