IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00419-REB-BNB

CHRISTINE SMITH and
TODD SMITH, individually and as parents and next best
friends of NICHOLAS SMITH, a minor

Plaintiffs,

v.

TIC INSURANCE COMPANY f/k/a
Fortis Insurance Company, a Wisconsin
Corporation; and
KENNETH W. McCLUSKY

Defendants.
_____

**PROPOSED SCHEDULING ORDER**
_____

## 1. DATE OF CONFERENCE

## AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Fed. R. Civ. P. 26(f) conference took place on May 27, 2008. Michael

Rosenberg, of ROBERTS LEVIN ROSENBERG PC, 1660 Wynkoop Street, Suite 800,

Denver, CO 80202, 303-575-9390, represented the Plaintiffs, Todd, Christine, and

Nicholas Smith (collectively "Plaintiffs"), and Kerri J. Atencio, HOLLAND & HART LLP,

90 Cascade Avenue, Suite 100, Colorado Springs, CO 80903, 719-475-6474,

represented the Defendant, TIC Insurance Company ("Time"). Defendant Kenneth W.

McClusky has not been served with process and did not participate in the Rule 26(f)

conference.

1

## 2.  STATEMENT OF JURISDICTION

This case was removed by Time pursuant to 28 U.S.C. § 1446(a).  *See* **Notice of Removal** (Docket No. 1).  In its Notice of Removal, TIC asserted that subject matter jurisdiction was appropriate pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Time are citizens of different states and the amount in controversy exceeds $75,000. (Docket No. 1).  Plaintiffs have filed a Motion for Remand (Docket No. 18) and have asserted that diversity jurisdiction is improper in this case because Time failed to comply with the requirements for removal set forth in 28 U.S.C. § 1446(a).  No ruling has yet entered on Plaintiffs' Motion for Remand.  Plaintiffs do not intend through this pleading to waive any of the arguments set forth in their Motion for Remand.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

*a.     Plaintiffs:*

This case arises out of Time's improper attempt to underwrite Ms. Smith's health insurance policy post-hoc in an effort to avoid paying covered medical expenses.  The expenses in question relate to a total vaginal hysterectomy that was performed on Christine Smith in September 2005, and which was pre-authorized by the insurer.  After being presented with medical bills for the procedure, Time conducted an investigation into Ms. Smith's medical history to see whether she had many any misstatements in connection with applying for the policy one year earlier.  Thereafter, ignoring the fact that it had made no effort during the underwriting process to obtain Ms. Smith's medical records, let alone read them, Time accused her of making material misrepresentations in her insurance application, purportedly voiding coverage for both her and her minor son, Nicholas, who now finds himself uninsurable as a result.  Defendant had ample

2

opportunity to underwrite the insurance policy in question and apparently chose not to do so, accepting premium payments all the while. Later, upon being confronted with a sizeable claim made within the contestability period of the policy, Time scoured Ms. Smith's application and her prior medical records in an improper attempt to avoid paying for the very claim that it had pre-authorized. Upon information and belief, this sort of post-claim underwriting is used by Time to deny the claims of numerous policyholders, significantly impacting the public as actual consumers of Time's products and services and giving rise to liability under the Colorado Consumer Protection Act. This conduct also gives rise to liability for breach of contract, bad faith, negligence, negligent misrepresentation, and estoppel, among other claims.

b.   *Defendant Time:*

Plaintiff Christine Smith applied for a health insurance policy with Defendant Time Insurance Company through her agent, Defendant Kenneth McClusky. In the application, Smith was asked a number of questions about her health history. Smith represented in her answers to those questions that, within the last ten years, she had not been diagnosed with, received treatment for, or consulted a physician for any disorders of the reproductive organs, the cervix, irregular menstruation, or infertility. Smith also represented that she had not used tobacco within the previous year. Based on these representations by Smith, Time issued the individual health policy in question.

A short Time later, various providers began submitting claims under the policy related to Smith's hysterectomy. Time conducted a routine investigation to determine if the claims were payable and obtained Smith's medical records. The medical records revealed that Smith's answers to these certain application questions were false. Time's

3

decision to issue the policy would have been different if it had known of Smith's true health history. Accordingly, Time advised Smith that she could agree to an amendment of the policy to remove her from coverage or else the entire policy would be rescinded. Smith's physician submitted an appeal letter on her behalf, but nothing in the letter changed the fact that the answers were simply false. When Smith failed to sign the policy amendment form, the coverage for her and her minor son, Nicholas Smith, was rescinded.

Smith's misrepresentations about her health history were knowingly made, materially affected Time's coverage decision, were unknown to Time, and were relied upon by Time to its detriment. Therefore, the rescission was proper and the handling of the file was at all times conducted in good faith. Plaintiffs have failed to mitigate their damages, and other applicable defenses have been asserted in Time's Answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Policy number 58328659 (the "Policy") was issued to Christine Smith.

## 5. COMPUTATION OF DAMAGES

Plaintiffs are seeking recovery of all compensatory economic and non-economic damages permitted by law. Plaintiffs' economic losses include unpaid medical bills and other out-of-pocket expenses, estimated at $50,000 to $75,000. Plaintiffs' non-economic damages, for such things as frustration, anger, humiliation, pain, stress, and anxiety, are not susceptible of calculation and will be fixed by the jury at trial. Plaintiffs also seek a trebling of all damages under the Colorado Consumer Protection Act, and an award of attorney's fees under that statute as well. Plaintiffs further seek pre- and

post-judgment interest, and costs of litigation.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of rule 26(f) meeting.

The Rule 26(f) meeting occurred on **May 27, 2008**.

b.      Names of each participant and party he/she represented.

Present at the meeting were **Michael Rosenberg**, for the Plaintiffs, Todd, Christine, and Nicholas Smith, and **Kerri Atencio**, for the Defendant, Time Insurance Company.

c.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties will exchange their Fed. R. Civ. P. 26(a)(1) disclosures on or before the Scheduling Conference on **June 3, 2008**.

d.      Statement as to when rule 26(a)(1) disclosures were made or will be made.

The parties will exchange their Fed. R. Civ. P. 26(a)(1) disclosures on or before the Scheduling Conference on **June 3, 2008**.  The parties agreed not to exchange disclosures earlier given the pending dispute over Plaintiffs' Motion for Remand.

e.      No agreements concerning informal discovery have been reached.

f.      The parties do not anticipate that the litigation of the claims and defenses in this action will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  The parties have agreed to disclose, without awaiting a discovery

5

request, the limited amount of electronically stored information in their possession, custody, or control, such as e-mails exchanged between the parties and any claims or underwriting files pertaining to the Plaintiffs.

## 7. CONSENT

*[Pursuant to D.C.COLO.LCivR 72.2, all full-TIC magistrate judges in the District of Colorado are specially designated under 28 U.S.C. 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C. 636(a) and (b) will hold the scheduling conference and retain settlement jurisdiction, whereas pretrial case management, jurisdiction of dispositive motions, and trial will be assigned to the magistrate judge drawn at random under D.C.COLO.LCivR 72.2.]*

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **July 15, 2008**

~~*September 26, 2008.*~~

b. Discovery Cut-off:

*January 9, 2009.*

c. Dispositive Motion Deadline:

*January 26, 2009.*

d.      Expert Witness Disclosure

(1)   The parties anticipate the need for expert testimony in the areas of insurance claims handling, underwriting, bad faith, and agent and broker standards.

2)      Each party may endorse a maximum of (2) expert witnesses, exclusive of treating physicians / health care providers.

(3)     The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 29, 2008.**

(4)     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November  27, 2008**.

(5)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.      Deposition Schedule:

| *Name of Deponent* | *Date of Deposition* | *TIC of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Fed. R. Civ. P. 30(b)(6) Deposition of TIC Insurance Company | July / August 2008. | | *7 hours* |
| Kenneth McClusky | July / August 2008 | | *7 hours* |
| One or more representatives of TIC Insurance Company f/k/a Fortis Insurance Company, including the individual named "Terri" who was involved in underwriting the | July / August 2008 | | *2 hours each* |

| | | | |
|---|---|---|---|
| insurance policy in question | | | |
| One or more representatives of Kaiser Permanente, including but not limited to Joyce Gottesfeld, M.D | *July 2008.* | | *2 hours each* |
| One or more health care providers from Alpine Women's Healthcare, P.C. | *July / August 2008* | | *2 hours each* |
| Christine Smith | *TBD* | | *TBD* |
| Todd Smith | *TBD* | | *TBD* |

f.  Interrogatory Schedule **All written discovery must be served so that responses are due on or before the discovery cut-off**

~~*Interrogatories shall be served no later than*~~ **~~November 24, 2008.~~**

g.  Schedule for Request for Production of Documents  **All written discovery must be served so that responses are due on or before the discovery cut-off**

~~*Requests for Production shall be served no later than*~~ **~~November 24, 2008.~~**

h.  Discovery Limitations:

(1)  Any limits which any party wishes to propose on the number of depositions.

*Each party may take a total of 5 depositions, exclusive of retained expert witnesses.*

(2)  Any limits which any party wishes to propose on the length of depositions.

*Depositions shall last no more than 7 hours per deponent.*

(3)  Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

*Defendant shall serve no more than 25 interrogatories on the Plaintiffs, collectively, and Plaintiffs shall limit themselves to 25 collective interrogatories as well.*

       (4)    Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

*Defendant shall serve no more than 20 requests for production of documents on the Plaintiffs, collectively, and Plaintiffs shall limit themselves to 25 collective interrogatories as well.  Requests for admission shall be limited in the same fashion, except that there shall be no limit to the number of requests for admission that a party may serve to authenticate documents and other records.*

       (5)    Other Planning or Discovery Orders

*N/A*

## 9. SETTLEMENT

*The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution and will continue to do so in the future.*

## 10.  OTHER SCHEDULING ISSUES

    a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

    b.     Anticipated length of trial and whether trial is to the court or jury.

*Trial of this matter will be to a jury and is expected to last 5 days.*

## 11.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    A settlement conference will be held on **July 7, 2008, at 2:00 p.m.**

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )      *Pro se* parties and attorneys only need be present.

(X)      *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X)      Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before **June 30, 2008**, outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.      Status conferences will be held in this case at the following dates and times:

c.      Final pretrial conference will be held in this case on **March 23, 2009, at 9:30 a.m.**

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **March 16, 2009**   ~~five days before the final pretrial conference~~.

### 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Parties filing motions for extension of TIC or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

*The scheduling order may be altered or amended only upon a showing of good cause.*

DATED June 3, 2008, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

*s/Bradley A. Levin*

Bradley A. Levin
ROBERTS LEVIN ROSENBERG PC
1660 Wynkoop, Suite 800
Denver, CO 80202
Telephone: (303) 575-9390
bal@robertslevin.com
mjr@robertslevin.com

Attorneys for Plaintiffs


*s/Kerri J. Atencio*

Kerri J. Atencio
**HOLLAND & HART, LLP**
90 South Cascade Avenue
Suite 1000
Colorado Springs, Colorado 80903
Telephone: 719-475-7730
FAX: 719-634-2461
E-mail: kjatencio@hollandhart.com

Walter D. Willson
Wells Marble & Hurst, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
E-mail: wwillson@wellsmar.com

Attorneys for Defendant TIC Insurance Company