**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00419-REB-BNB

CHRISTINE SMITH, and
TODD SMITH, individually and as parents and next best friends of NICHOLAS SMITH, a minor,

     Plaintiffs,

v.

TIME INSURANCE COMPANY, f/k/a Fortis Insurance Company, a Wisconsin corp, and
KENNETH W. McCLUSKY,

     Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Remand** [#18], filed March 28, 2008. I grant the motion.

## I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one for which the district court would have had original jurisdiction. In order to properly effectuate removal, "[a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure

and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after service of the initial pleading. *Id.* § 1446(b). *See also Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356, 119 S.Ct. 1322, 1329-30, 143 L.Ed.2d 448 (1999) (holding that deadline for removal does not begin to run until party is formally served with process). A defendant who does not act within this deadline waives its right to remove the action to federal court. *See Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999).

### III. ANALYSIS

In this bad faith breach of insurance contract suit, plaintiffs served copies of the summons and complaint on defendant, Time Insurance Company, through the Colorado Commissioner of Insurance on January 30, 2008. Time removed the case to this court on February 28, 2008. The individual defendant, Kenneth W. McCluskey, did not join in the removal because he had not yet been served.

Plaintiffs now seek to remand on the basis that Time did not attach copies of "*all* process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Time does not dispute that it neglected to include among its removal papers a copy of the summons served on it or a copy of a proposed order attached to a motion for extension of time filed in the state court prior to removal. Nevertheless, it claims the oversight should be excused because it is inconsequential. Alternatively, it claims that it timely supplemented its notice with the missing documents.

I find neither argument persuasive.

Regarding the issue of whether the failure to include the summons with the notice of removal is a fatal defect in removal procedure, I could not improve on the analysis of my colleague, Judge Krieger, who recently addressed this precise issue:

> Congress has chosen to limit the scope of jurisdiction of the federal District Courts, and thus, there is a presumption against permitting these courts to exercise jurisdiction as the result of removal of cases from state court. As a result, the Court is required to strictly construe the removal statute.
>
> A strict reading of 28 U.S.C. § 1446(a) requires the Defendant to file "all process, pleadings, and orders served upon" it as part of its Notice of Removal. The Defendant's omission of the Summons – indisputably "process" under the statute – constitutes a defect in the Notice of Removal here.
> . . .
>
> The Defendant contends that the failure to file the Summons is a mere procedural error that is not sufficient to render the removal defective, and that this Court has the discretion to either allow the Notice of Removal to be amended out-of-time and exercise jurisdiction, or to remand the case. The Court has carefully reviewed the thorough and well-considered **Yellow Transportation** [**, Inc. v. Apex Digital, Inc.**, 406 F.Supp.2d 1213, 12115-1 (D. Kan. 2005)] opinion, and agrees with it in most material respects. However, this Court finds that **Yellow Transportation**'s conclusion fails to give sufficient weight to the Supreme Court's instruction that removal statutes are to be "strictly construed." If strict construction is the command, it is incumbent that the Court apply the statute strictly as written, even-or perhaps particularly – in the face of seemingly inconsequential defects. That courts on occasion have entertained defective or amended removals without complaint reflects a certain pragmatism that is difficult to criticize, but they do so by assuming that "strictly construed" does not necessarily mean " strictly construed." Justice is best served when the law operates predictably and reliably. Engaging in somewhat arbitrary exercises of "discretion" to avoid what might seem to be the inflexible operation of a persnickety rule undermines that predictability, and, more

> importantly, operates as an artificial relief valve that prevents sufficient pressure from building in opposition to the rule to force its rethinking. If the Court should not apply the text of §1446(a) strictly as written, that command should come from the Supreme Court or the 10th Circuit, not from the fact that other District Courts have chosen not to do so.

*Durand v. The Hartford Life & Accident Insurance Co.*, 2007 WL 1395336 at *1 (D. Colo. May 9, 2007) (citations omitted). I agree on all points with Judge Krieger. The language of the statue plainly requires that *all* process be included with the notice of removal. All means all, not almost. Time's removal, therefore, was defective.

Moreover, I decline to accept Time's argument that its amendment to the notice of removal properly cured the defect. The thirty-day removal clock expired on February 29, 2008, one day after the notice of removal was, in fact, filed. Time did not file copies of the omitted documents until April 2 and 4, 2008. *See id.* (noting that supplement filed outside thirty-day time limit for filing notice of removal was untimely and ineffective to cure defects in removal procedure). Time argues that the deadline has not yet run because McClusky has yet to be served. Not only do I reject the "last-served defendant" rule on which Time attempts to rely, I do not find the rule apposite to the present circumstances at all.

The last-served defendant rule, where it is invoked, permits a later-served defendant, who did not have the opportunity to consent to an earlier-served defendant's decision not to remove to federal court, to remove an action that otherwise is unremovable. *See Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 755-57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999), *cert. denied*, 120 S.Ct. 790 (2000); *McKinney v. Board*

*of Trustees of Maryland Community College*, 955 F.2d 924, 926-28 (4th Cir. 1992). The rule, thus, reopens a door that properly was closed when the first-served defendant failed to remove within the thirty-day time frame. However, the rule does not hold open the removal door open indefinitely such that the first-served defendant may remove at any time it pleases until thirty days after the last defendant is served. To state the argument, in light of the language and purposes of the removal statutes, is to refute it.

Yet even if the last-served defendant rule were applicable in the way Time suggests, I reject it. Although the Tenth Circuit has not yet addressed this issue, at least three district courts in this district, including this one, have rejected the last-served defendant rule. **See Cortez v. Transcontinental Insurance Co.**, Civil Action No. 05-cv-01985-REB-PAC, **Order Granting in Part and Denying in Part Plaintiffs' Motion To Remand** [#33], filed December 9, 2005; **Cellport Systems, Inc. v. Peiker Acoustic GmbH & Company KG**, 335 F.Supp.2d 1131, 1132-34 (D. Colo. 2004); **Smola v. Trumbull Insurance Co.**, 317 F.Supp.2d 1232, 1232-33 (D. Colo. 2004). **But see Hartford Steam Boiler Inspection and Insurance Co. v. Riviera Electric LLC**, 2006 WL 1046962 at *2 (D. Colo. Apr. 19, 2006) (finding that "the reasons supporting the [last-served defendant] rule are more compelling given the facts of this case"). As I found in **Cortez**:

> The first-filed [sic] rule comports most closely with the well-known edict that removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand. The focus on fairness and other policy concerns on which some courts have relied in rejecting the first-filed [sic] rule [is] inconsistent with this bedrock principle of removal jurisdiction. Moreover, given the admitted lack of legislative history of this portion of the statute, any effort to discern

5

> what Congress must have intended in a situation such as this, as some of these courts have done, is an endeavor fraught with peril. Rather, the plain language of section 1446(b) clearly suggests an intent that the forum for the lawsuit should be determined at an early stage of the litigation. The first-filed [sic] rule best comports with that evident intention.

*Cortez*, **Order Granting in Part and Denying in Part Plaintiffs' Motion To Remand** at 3-4 [#33], filed December 9, 2005 (citations omitted). I continue to adhere to my position that the first-served defendant rule most closely hews to the language and purposes of the removal statutes.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Remand** [#18], filed March 28, 2008, is **GRANTED**;

2. That defendant Time Insurance Company's **Motion for Leave To File Sur-Reply to Plaintiffs' Reply in Support of Motion To Remand** [#38], filed May 9, 2008, is **DENIED**; and

3. That this case is **REMANDED** to the District Court, Denver County, Colorado (where it was originally filed as Case No. 07CV12372).

Dated September 29, 2008, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**